IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

ROUZANNA S. GRIGORYAN,

    Plaintiff,

vs.                                            CASE NO. 3:11-cv-00553-MMH-JBT

CHASE HOME FINANCE, LLC,
A foreign limited liability company,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT, MOTION TO STRIKE PLAINTIFF'S PUNITIVE DAMAGES CLAIM AND MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO COUNT I OF PLAINTIFF'S COMPLAINT**

Defendant, JPMorgan Chase Bank N.A., as successor by merger to Chase Home Finance, LLC ("Chase"), hereby moves to dismiss Counts II and III of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for the entry of an Order striking Plaintiff's punitive damages claim and for an enlargement of time to answer Count I of Plaintiff's Complaint. In support thereof, Chase states as follows:

**I.     BASIS FOR RELIEF REQUESTED**

This is an action for damages brought under the Florida Consumer Collection Practices Act ("FCCPA")(Count I), the Fair Credit Debt Collection Practices Act ("FDCPA")(Count II) and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")(Count III). Chase concedes that Count I states a claim for relief and requests an enlargement of time to respond to that count pending a ruling on this Motion. Count II, however, should be dismissed because Chase is not a "debt collector" within the

meaning of the FDCPA. Count III also should be dismissed because FDUTPA is inapplicable to financial institutions such as Chase. Finally, Plaintiff's punitive damages claim under Count I should be stricken because Plaintiff does not, and cannot, allege malicious intent as required to impose punitive damages under the FCCPA.

## II. MEMORANDUM OF LAW

### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) "should be granted if the plaintiff does not plead enough facts to state a claim to relief that is plausible on its face." Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1298 (S.D. Fla. 2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)(internal quotations omitted)). A claim is plausible on its face when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Locke v. Wells Fargo Home Mortgage, No. 10-60286-Civ, 2010 WL 4941456, at *1 (S.D. Fla. Nov. 30, 2010)(quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949. 173 L.Ed.2d 868 (2009)). While dismissal of a well-pled complaint is not permitted simply because the actual proof of the facts pled is improbable, "the factual allegations must be enough to raise a right to relief above the speculative level." Reese, 686 F.Supp.2d at 1298 (internal citations omitted). Taking the allegations pled in the complaint as true, "a court may grant a motion to dismiss when, on the basis of a dispositive issue of law, no construction of the factual allegations will support a cause of action." Bentley v. Bank of Am., N.A., No. 10-60941-CIV, 2011 WL 1097452, at *1 (S.D. Fla. Mar. 23, 2011)(internal citations and quotations omitted).

## B. The Deficiencies in Plaintiff's FDCPA Claim (Count II)

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." Acosta v. Campbell, No. 6:04CV761, 2006 WL 3804729, at *3 (M.D. Fla. Dec. 22, 2006)(quoting Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009)). In order to prevail on an FDCPA claim, a plaintiff must establish that the defendant is a debt collector as defined by the FDCPA and that the defendant engaged in conduct prohibited by the FDCPA in attempting to collect a debt. See Bentley, 2011 WL 1097452, at *1 (internal citations omitted); Madura v. Lakebridge Condo. Ass'n, No. 8:07-cv-02274, 2009 WL 536537, at *2 (M.D. Fla. Mar. 3, 2009)(internal citations omitted).

The FDCPA defines "debt collector" as "[a]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute clearly defines the term "debt collector" and expressly excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person. 15 U.S.C. § 1692a(6)(F). "Thus, a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Belin v. Litton Loan Servicing, LP, No. 8:06-cv-760-T-24 EAJ, 2006 WL 1992410, at *2 (M.D. Fla. Jul. 14,

2006)(internal citation and quotations omitted). <u>See</u> <u>also</u> <u>Bentley</u>, 2011 WL 1097452, at *1 (creditors, mortgage servicing company or assignee of a debt are not debt collectors as long as the debt was not in default at the time it was assigned).[1]

The only allegation in Count II pertaining to Chase's status as a "debt collector" is Plaintiff's allegation that "Chase is a 'debt collector' with the meaning of 15 U.S.C. Section 1692a(6)." Cplt., ¶ 18. First, this assertion is a mere conclusory allegation insufficient to survive a motion to dismiss under Rule 12(b)(6). <u>See</u> <u>Bentley</u>, 2011 WL 1097452, at *1 (under Rule 12(b)(6), plaintiff has an obligation to provide the grounds for his entitlement to relief in the complaint which requires more than labels and conclusions); <u>Reese</u>, 686 F.Supp.2d at 1298 (to survive a motion to dismiss under Rule 12(b)(6), a complaint must include more than a formulaic recitation of the elements of a cause of action).

Contrary to Plaintiff's allegation, Chase is not a "debt collector" within the meaning of the FDCPA. Rather, Chase is Plaintiff's "creditor," which is defined in the FDCPA as "any person . . . to whom a debt is owed." 15 U.S.C. § 1692a(4). As discussed above, creditors are explicitly excluded from the definition of debt collector. Exhibits C, D and E to Plaintiff's Complaint reflect that Chase is a creditor attempting to

---

[1] JPMorgan Chase Bank N.A. is the successor by merger to the named defendant, Chase Home Finance, LLC. Successors by merger to creditors or other persons exempted from the definition of "debt collector" are equally exempted from liability under the FDCPA. <u>See</u> <u>Centennial Bank v. Noah Group, LLC</u>, Case No. 10-10007-CIV, 2010 WL 5157375, at *3 (S.D. Fla. Dec. 2, 2010).

collect its own debt.[2] It is well established that a creditor attempting to collect its own debt is not a "debt collector" subject to the FDCPA. See Madura, 2009 WL 536537, at *3 (holding that plaintiffs' claims against defendant under the FDCPA must fail because defendant was a creditor attempting to collect its own debt).

Therefore, because Chase is not a "debt collector" within the meaning of the FDCPA, Count II should be dismissed with prejudice. See Bentley, 2011 WL 1097452, at *3 (dismissing FDCPA claim with prejudice where defendants were mortgage servicers excluded from the definition of debt collector); Reese, 686 F.Supp.2d at 1308 (dismissing FDCPA claim with prejudice where the complaint indicated that the defendants were creditors and mortgage servicers and, thus, were specifically excluded under the FDCPA); Locke, 2010 WL 4941456, at *2 (dismissing FDCPA claim with prejudice where defendant was a mortgage company servicing the plaintiff's mortgage and, accordingly, could not be liable as a "debt collector" under Section 1692).

### C. The Deficiencies in Plaintiff's FDUTPA Claim (Count III)

Plaintiff's FDUTPA claim should be dismissed because FDUTPA is inapplicable to banks and savings and loan associations regulated by federal agencies and Florida's Office of Financial Regulation of the Federal Services Commission. FDUTPA unambiguously exempts financial institutions such as Chase from its reach, providing in pertinent part:

This part does not apply to: * * *

---

[2] Pursuant to Federal Rule of Civil Procedure 10(c), Exhibits C, D and E are incorporated as part of the Complaint. See Fed. R. Civ. P. 10(c)("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

> (4) Any person or activity regulated under the laws administered by:
> . . .
>> (b) Banks and savings and loan associations regulated by the Office of Financial Regulation of the Federal Services Commission;
>> (c) Banks or savings and loan associations regulated by federal agencies; . . .

Fla. Stat. §501.212(4)(b)-(c). Furthermore, this exemption not only applies to federally chartered banks but also to the bank's operating subsidiaries. See Watters v. Wachovia Bank, N.A., 550 U.S. 1 (2007)(holding that bank's mortgage business whether conducted by bank or its subsidiary is subject to Office of the Comptroller of the Currency's superintendence). Therefore, because Chase falls squarely within the FDUTPA's financial institutions exemption, Count III also should be dismissed with prejudice.[3]

### D. Striking of Plaintiff's Punitive Damages Claim Under the FCCPA (Count I)

Plaintiff's punitive damages claim under Count I should be stricken because Plaintiff's allegations regarding Chase's conduct do not rise to the level of malicious intent as required to impose punitive damages under the FCCPA. See Story v. J.M.

---

[3] While there is some Florida case law holding that bank subsidiaries, affiliates or agents are not **necessarily** exempt from FDUTPA, see e.g., Bankers Trust Co. v. Basciano, 960 So.2d 773, 779 (Fla. 5th DCA 2007)(and cases cited therein)(emphasis added), the United States Supreme Court in Watters expressly held that in the context of the mortgage business, a national bank's mortgage business conducted through the bank's operating subsidiary is subject to regulation by the Office of the Comptroller, a federal agency. In the instant case, JPMorgan Chase Bank N.A., a national bank, is the successor by merger to Chase Home Finance, LLC, an OCC registered subsidiary. See attached Exhibit "1." Operating subsidiaries of national banks offer services such as loans and mortgages and are also regulated by the OCC. See attached Exhibit "2."

While generally on a Rule 12(b)(6) motion to dismiss the court is confined to the four corners of the complaint, there is an exception to this general rule. "In ruling upon a motion to dismiss, a district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). See also Del Fuco v. O'Neill, No. 8:09-CV-1262, 2011 WL 601645, at *3 n. 5(M.D. Fla. Feb. 11, 2011)(stating the same exception to the general rule and granting motion to dismiss by considering extrinsic documents filed by defendants). Here, the authenticity of the attached Exhibits 1 and 2 cannot be challenged and they are central to Plaintiff's claim in that they establish that Chase is exempted from liability under Plaintiff's FDUTPA claim.

Fields, Inc., 343 So.2d 675, 677 (Fla. 1st DCA 1977)(sanction of punitive damages under the FCCPA is applied when malicious intent is proved and when the communications evidence a purpose to inflict insult and injury on the plaintiff or are wholly without excuse). See also Steiner & Munach, P.A. v. Williams, 334 So.2d 39, 42 (Fla.3d DCA 1976)(plaintiff was not entitled to punitive damages under the FCCPA where defendant's conduct was not "wanton, malicious or gross and outrageous to such extent that the measured compensation on the plaintiff should have an additional amount added to it by way of punishment."); Tallahassee Title Co. v. Dean, 411 So.2d 204, 205-06 (Fla. 1st DCA 1982)(reversing award of punitive damages under the FCCPA where conduct complained of did not indicate malicious intent to injure plaintiff).

In the instant case, Plaintiff has not, and cannot, allege that Chase acted with malice or intent to injure or insult Plaintiff. In her Complaint, Plaintiff alleges that Chase contacted Plaintiff through letters and telephone calls after receiving a letter from Plaintiff's counsel advising Chase to cease further contact with Plaintiff. Cplt., ¶ 9. Plaintiff's remaining allegations are that Chase violated the FCCPA by: (i) willfully communicating with Plaintiff with such frequency as could reasonably be expected to abuse or harass Plaintiff; (ii) claiming, attempting or threatening to enforce a debt when Chase knew the debt was not legitimate; and (iii) communicating with Plaintiff when Chase knew, or could reasonably ascertain, that Plaintiff was represented by counsel. Cplt. ¶ 10.

Nowhere in the Complaint does Plaintiff allege (and cannot allege) that Chase acted with malice or intent to injure or insult her. In fact, exhibits C, D and E to the

Complaint show that Chase's communications where standard attempts to collect a debt that Plaintiff owed Chase. Additionally, far from intending to injure or insult Plaintiff, the correspondence offered Plaintiff the opportunity to enter into payment arrangements and loan modification programs intended to assist homeowners in Plaintiff's situation. See Cplt., Ex. C, D and E. Therefore, Plaintiff's punitive damages claim is unsubstantiated and should be stricken with prejudice. See e.g., Simmons v. Washington Mutual Finance, Inc., Case No. 8:06-cv-01613, 2007 WL 641101, at *2 (M.D. Fla. Feb. 26, 2007)(plaintiff's allegations that defendant intentionally and willfully harassed plaintiff in an abusive manner on numerous occasions by attempting to collect a debt that the defendant knew plaintiff did not owe, and other allegations in the complaint, did not demonstrate entitlement to punitive damages under the FCCPA where plaintiff alleged no facts supporting that defendant acted with malicious intent).

Additionally, Plaintiff's punitive damages claim cannot lie because it does not state a claim to relief that is plausible on its face. See Locke, 2010 WL 4941456, at *1 (citing Twombly, 550 U.S. at 570). As discussed above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. In the instant case, Plaintiff's claim must contain facts plausibly showing that Chase acted with malicious intent as required to impose punitive damages under the FCCPA. Plaintiff's allegations, as set forth above, do not establish the requisite malicious intent. If anything, Plaintiff's allegations plausibly establish a mere technical violation of the FCCPA, which is not sufficient to warrant punitive damages under the

statute. Accordingly, Plaintiff's punitive damages claim must fail. See e.g., Allegrino v. Conway E & S, Inc., No. 09-1507, 2010 WL 3943939, at *11 (W.D. Pa. Oct. 6, 2010)(striking and dismissing plaintiff's punitive damages claim with prejudice because plaintiff did not sufficiently plead punitive damages under Twombly and Iqbal).

### E. Agreed Motion for Enlargement of Time to Answer Count I

Chase moves for an extension of time of ten (10) after the date that the Court enters an Order on its Motion to Dismiss to file its Answer to Count I of Plaintiff's Complaint. Such extension will enhance the clarity of the pleadings and will avoid the need to file multiple answers to a single Complaint.

Pursuant to Local Rule 3.01(g), counsel for Chase has conferred with counsel for Plaintiff in a good faith effort to resolve the issues in this motion for enlargement of time and counsel for Plaintiff has no opposition to the extension.

### III. CONCLUSION

For the foregoing reasons, Counts II and III of Plaintiff's Complaint should be dismissed with prejudice, Plaintiff's punitive damages claim should be stricken and an enlargement of time should be granted to answer Count I of Plaintiff's Complaint.

Respectfully submitted,

s/Dennis M. Campbell
Dennis M. Campbell

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following: **Brian J. Lee, Esq.,** at brian@schulerlaw.com. A true and correct copy of the foregoing was also furnished to: Brian J. Lee, Esq., *Attorney for Plaintiff,* 644 Cesary Boulevard, Suite 250, Jacksonville, Florida  32211, by facsimile and U.S. Mail.

    s/Dennis M. Campbell
Dennis M. Campbell
Florida Bar No. 217527
Email:   dcampbell@campbelllawfirm.net
Tania M. Varela
Florida Bar No. 57802
Email:   tvarela@campbelllafirm.net
*Attorneys for Defendant JPMorgan Chase Bank N.A., as successor by merger to Chase Home Finance, LLC*
Campbell Law Firm, PLLC
95 Merrick Way, Suite 514
Coral Gables, FL 33134
Phone:   305-444-6040
Fax:       305-444-604